IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSLYNN JACKSON, | : |
| | : |
| Plaintiff, | : |
| | :  Civil Action |
| v. | : |
| | :  No. 13-cv-3690 |
| SABER HEALTHCARE GROUP LLC, | : |
| | : |
| Defendants. | : |

**MEMORANUDM**

**STENGEL, J.**                                                                                            November 26, 2013

      Roslynn Jackson, plaintiff, brings this wrongful termination suit alleging breach of contract and violation of 42 U.S.C. § 1981 and Pennsylvania public policy. Saber Healthcare Group, LLC, defendant, moves to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, Saber requests that I transfer this case to the United States District Court for the Norther District of Ohio. For the reasons that follow, I will deny defendant's motion.

**I.       Background**

      Accepting the well pleaded allegations as true, Ms. Jackson applied to Saber for an AR Regional Consultant position on or about December 12, 2012. Am. Compl., doc. no. 13, ¶12. Ms. Jackson is African American. Id. ¶ 52. At the time of her application, Ms. Jackson lived in California and was employed by Lancaster Healthcare Center. Id. ¶ 13, 23. After a series of phone interviews with Rick Moe, vice president of contracting at Saber, and Jim Gerrity, Saber's regional vice president, defendant offered plaintiff a

position in Pennsylvania.  Id. ¶ 16-22.  Saber also offered Ms. Jackson a loan to cover her relocation expenses, and sent her a written contract covering the terms of the loan by email dated February 19, 2013.[1]  Id. ¶ 18, 24-25, 43.  Upon accepting the position, plaintiff traveled to defendant's office in Aurora, Ohio for orientation where she completed an employment application and background check.  Id. ¶ 27.

Ms. Jackson arrived in Pennsylvania on March 15, 2013.  Id. ¶ 29.  On April 24, 2013, Mr. Moe called Ms. Jackson and advised her there was a misdemeanor on her criminal background.  Id. ¶ 30-32.  Mr. Moe also told Ms. Jackson to hold off refunding residents who paid fees which were later covered by insurance.  Id. ¶ 33.  Plaintiff believed that this amounted to stealing and she complained to the business office manager at the Bryn Mawr Care Center that she opposed the practice.  Id. ¶34.  On May 16, 2013, Ms. Jackson also complained about charges billed to a specific resident.  Id. ¶

---

[1] The relocation loan contract included, *inter alia*, the following terms:

> Section 1.  The Loan.  Around March 4th, 2013 Employer shall advance to Employee a loan in amount not to exceed Five Thousand and 00/100….
>
> …
>
> Section 3.  Not a contract of Employment.  This Agreement shall not be construed or deemed a contract of employment between Employer and Employee and is in no way intended to require Employer to employ Employee for any set period or length of time.  Employee is employed "at will" and therefore Employee may be terminated from her employment at any time, with or without notice or reason and Employee may terminate her employment at any time.  This Agreement defines the manner in which Employee shall receive a Loan from Employer and the manner in which the Loan shall be repaid by Employee.
>
> Section 4.  Miscellaneous
>
> > 4.1   Governing Law and Jurisdiciton.  This Agreement shall be governed by and construed in accordance with, the laws of the State of Ohio.  Employer and Employee agree to the exclusive jurisdiction of the state and federal courts located in Cuyahoga County, Ohio.
>
> …

Loan for Relocation Expenses, def.'s renewed mot to dismiss, doc. no. 14, ex. 2 at 4-5

35. On May 17, 2013, Mr. Moe called Ms. Jackson and terminated her due to the misdemeanor on her background check. Id. ¶ 36. As plaintiff left the Ambler Extended Care Center, the facility administrator demanded that plaintiff return her phone and laptop. Id. ¶ 39. Saber never reimbursed plaintiff for her relocation expenses. Id. ¶ 43.

## II.     Standard of review

On defendant's motion to dismiss for lack of jurisdiction, I must "accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir.2003)  The plaintiff has the burden of establishing a prima facie case for jurisdiction by affidavits or other competent evidence.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).  The plaintiff satisfies this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (citations omitted).

## III.    Discussion

### A.     Personal Jurisdiction

A federal court may exercise personal jurisdiction over a nonresident defendant to the same extent provided by the law of the state in which the federal court sits. Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984).  Pennsylvania statute provides that a court in the Commonwealth may exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of

the United States." 42 Pa.C.S. § 5322(b).[2] Thus, the reach of the Pennsylvania statute is coextensive with the due process clause of the United States Constitution. Time Share Vacation Club, 735 F.2d at 63. Accordingly, plaintiff must establish that defendant has minimum contacts with Pennsylvania "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, (1945)).

There are two distinct theories under which personal jurisdiction comports with due process. General jurisdiction is based on a defendant's continuous and systematic contacts with the forum state. See Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984). Specific jurisdiction can be exercised when the plaintiff's cause of action arises out of the defendant's forum-related activities. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In its motion to dismiss, Saber urges that this court has neither general nor specific jurisdiction over it. In response, plaintiff argues that this is a specific jurisdiction case. Since plaintiff has not attempted to meet her burden with respect to general personal jurisdiction, I will only address specific jurisdiction.

The constitutional test for specific jurisdiction consists of three parts. First, the defendant must have purposefully directed its activities at the forum "such that [the

---

[2] Plaintiff asserts that jurisdiction is also proper under Pennsylvania's long arm statute extending jurisdiction to any person who "causes harm or tortious injury in the Commonwealth by an act or omission outside the Commonwealth." 42 Pa. Cons.Stat. Ann. 5322(a)(4). I agree. Nonetheless, the court must also analyze defendant's contacts with Pennsylvania to determine if jurisdiction comports with due process. Pennzoil Products Co. v. Colelli & Associates, Inc., 149 F.3d 197, 202 (3d Cir. 1998)

defendant] should reasonably anticipate being haled into court there." World–Wide Volkswagen Corp., 444 U.S. 286, 297; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Second, the litigation must "arise out of or relate to" defendant's forum related activities. Helicopteros, 466 U.S. at 414. Finally, the inquiry shifts to considering whether exercising jurisdiction comports with "traditional notions of fair play and substantial justice." Burger King Corp., 471 U.S. at 476 (citing Int'l Shoe Co., 326 U.S. at 320). However, the third step is discretionary. *See* Pennzoil Products Co. v. Colelli & Associates, Inc., 149 F.3d 197, 205 (3d Cir. 1998) (noting that court has the "option" of evaluating the third prong).

A court's jurisdiction over separate claims for relief should be analyzed independently. *See* Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) ("[C]onclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [plaintiff's] other claims."). A foreign tortfeasor will have minimum contacts with the forum sufficient for the court to exercise jurisdiction if the plaintiff meets the elements of the effects test. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998). Jurisdiction over a contract claim is proper when defendant's contacts with the forum were instrumental in either the formation of the contract or its breach. Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir.1999)). First, I will turn to plaintiff's tort claims.

Plaintiff asserts two claims for wrongful termination which sound in tort. <u>Woodson v. AMF Leisureland Centers, Inc.</u>, 842 F.2d 699, 701 (3d Cir. 1988) (citing <u>Darlington v. General Electric</u>, 504 A.2d 306, 318 (Pa.Super. 1986)) ("[A] wrongful discharge action is one that sounds in tort, not contract."). Count two of the complaint alleges wrongful termination in violation of 42 U.S.C. § 1981, and count three alleges wrongful termination in violation of public policy. A court may exercise jurisdiction over a foreign tortfeasor when: "(1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." <u>IMO Indus., Inc. v. Kiekert AG</u>, 155 F.3d 254, 265-66 (3d Cir. 1998).

Defendant's motion does not address the effects test or otherwise point to a lack of minimum contacts with regard to the tort claims. Instead, defendant argues plaintiff has not pleaded where the wrongful discharge occurred. This rather weak argument misrepresents the alleged facts. Plaintiff alleges she was terminated by phone on May 17, 2013. Am. compl. at ¶ 36. After the phone call, she left the Ambler Extended Care Center which is located in Montgomery County, Pennsylvania. Id. ¶ 3, 39. While plaintiff does not specifically allege that she was terminated while sitting in her office in Ambler, Pennsylvania, these facts are more than enough to infer that she was located inside the Commonwealth when she was terminated.

Plaintiff has met her burden of showing that this court has jurisdiction over her tort claims pursuant to the effects test.  Wrongful discharge is an intentional tort.  *See* Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Div., 422 A.2d 611, 618 (Pa. Super. 1980) (equating wrongful discharge to a claim for intentional interference with contract).  Plaintiff suffered the full force of the harm in Pennsylvania, because she was working in Pennsylvania, and she was physically present in Pennsylvania when she was fired.  Finally, defendant expressly aimed its tortious conduct at Pennsylvania by assigning plaintiff to work in Pennsylvania and then by reaching out to this Commonwealth to terminate her over the phone.  I conclude that jurisdiction over plaintiff's tort claims is proper.

This court also has jurisdiction over plaintiff's contract claim.  A foreign defendant does not subject itself to a court's jurisdiction merely by entering into a contract with a resident of the forum. Mellon Bank, 960 F.2d at 1223.  Rather, jurisdiction is proper if a defendant's "contacts with the forum were instrumental in either the formation of the contract or its breach." Gen. Elec. Co., 270 F.3d at 150 (citations omitted).  When reviewing defendant's minimum contacts, the court considers "the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." Remick, 238 F.3d at 256 (citing Mellon Bank, 960 F.2d at 1223).  It is not difficult for a court to find jurisdiction over a contract claim when the defendant engages in interstate economic activity.  *See* Burger King, 471 U.S. at 474 ("[M]odern transportation and

communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity....").

Defendant's argument regarding plaintiff's contract claim is based on the faulty premise that plaintiff derives her claim from the relocation loan contract. To the contrary, Plaintiff seeks relief on the theory that defendant breached an implied employment contract not the loan contract.[3] Plaintiff could not found a breach of employment contract claim on the loan contract because the terms of the loan contract specifically state that it is not an employment contract. Loan for Relocation Expenses, *supra* note 1, §3. Further, plaintiff's damages do not include a claim for payment of the relocation loan, her only remedy under the loan contract. Rather, plaintiff claims damages for back pay, front pay, benefits, and etc. which are damages recoverable in breach of employment contract and wrongful termination actions. Plaintiff is clearly not suing on the basis of the loan contract; therefore, defendant's analysis of minimum contacts with reference to the loan contract is irrelevant and unavailing.

Even if defendant focused on the implied employment contract, defendant's reliance on Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co. would be misplaced. 75 F.3d 147, 152 (3d Cir. 1996). Verotex stands for the proposition that "informational communications in furtherance of [a contract between a resident and a

---

[3] Pennsylvania courts will find an implied employment contract in certain limited circumstances as an exception to the general rule that employment is at-will. Cashdollar v. Mercy Hosp. of Pittsburgh, 595 A.2d 70, 72 (Pa. Super 1991) (citations omitted). Plaintiff has pleaded an implied employment contract by alleging she underwent substantial hardship by leaving her job and family in California to relocate to Pennsylvania. Id. (citations omitted) ([A]n employee can defeat the "at-will" presumption by establishing, inter alia, that the employee gave his employer additional consideration other than the services for which he was hired…. A court will find 'additional consideration' … when the employee undergoes a substantial hardship other than the services which he is hired to perform.")

nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." Id. at 152 (citations omitted). Verotex involved a contract for the manufacture and sale of goods. Id. at 151. The plaintiff, seller, was located in Pennsylvania, and the defendant, buyer, was located in California. Id. All contract negotiations took place on the phone and letter; defendant never traveled to Pennsylvania. Id. at 151-2. Furthermore, the subject goods were never situated in or passed through Pennsylvania; rather, they were manufactured at plaintiff's plant in Texas and shipped directly to defendant in California. Id. at 151. Therefore, defendant's only contacts with Pennsylvania were the informational communications during contract negotiations which were insufficient to establish jurisdiction in the Eastern District of Pennsylvania.

The facts of this case are easily distinguishable. The terms of the contract were that Ms. Jackson would be employed in Pennsylvania. Ms. Jackson actually did move to and began working in Pennsylvania, and the parties continued to negotiate Ms. Jackson's employment, with regard to her background check, while Ms. Jackson was in Pennsylvania. This course of dealing is more than the mere informational communication addressed in Verotex. Given the totality of the circumstances, these facts are enough to find Saber's contacts with the Eastern District of Pennsylvania were instrumental in the formation and breach of the implied employment contract. At formation, defendant contacted Pennsylvania by assigning plaintiff to work in the Commonwealth, and at the breach, defendant reached out to Pennsylvania by terminating plaintiff's employment here.

Finally, I see no reason why jurisdiction would offend traditional notions of fair play and substantial justice.  Defendant argues that jurisdiction is unfair because the forum selection clause in the relocation loan contract provides that the courts of Cuyahoga County, Ohio have exclusive jurisdiction.  As plaintiff is not suing on the relocation contract, the forum selection clause has no impact on this element of the personal jurisdiction analysis.  Therefore, jurisdiction is appropriate.

### B. Transfer of Venue

In the alternative, defendant urges me to transfer this case to the Northern District of Ohio.  I may transfer venue to any other district court for the convenience of the parties and witnesses, or in the interest of justice.[4]  28 U.S.C. § 1404(a).  Plaintiff's choice of a forum is given great deference, and should not be lightly disturbed.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)(citation omitted).  Defendant has the burden of establishing that the balance of the public and private interest weigh strongly in favor of transfer.  Shutte, 431 F.2d at 25.  Thus, transfer should be granted sparingly.  Id.

When deciding whether to grant a § 1404 motion to transfer, I consider both private interests and public interests.  Private interests include the preferences of both parties, whether the events giving rise to the action took place in another district, and the convenience and cost of travel for witnesses and parties.  Jumara, 55 F.3d at 879.  Public interests include enforceability of judgment, practical considerations and expense of trial,

---

[4] For purposes of its motion to transfer venue, defendant concedes that venue in the Eastern District of Pennsylvania is "arguably proper pursuant to 28 U.S.C. § 1391(a)(1)." Def.'s br. in sup. of its renewed mot, doc. no. 14 ex 1, at 14.  Therefore, 28 U.S.C. § 1404 controls the consideration of defendant's motion.

ease of accessing sources of proof, including the premises involved, local considerations in deciding local controversies at home, and the familiarity of the trial judge with applicable law.  Id at 879-80.

The private interests weigh in favor of the Eastern District of Pennsylvania.  First, the parties prefer different districts, but plaintiff's choice of this district is given greater weight.  Defendant attempts to diminish the weight given to plaintiff's choice of forum by pointing to the forum selection clause in the relocation loan contract.  As the loan contract is not at issue, I am not persuasive.  Second, the events giving rise to the cause of action occurred in this district.  While Mr. Moe terminated plaintiff by phone while sitting in his office in Ohio, plaintiff was employed in this district and was terminated from her job in this district.  Thus, the plaintiff sustained the damages which are the basis of her lawsuit in this district.  Finally, the convenience of the parties and the witnesses favors the Eastern District of Pennsylvania.  Defendant points to only one witness, Mr. Moe, residing in the Northern District of Ohio.  However, plaintiff is located in this district as well as all of her former co-workers who are potential witnesses.[5]  Defendant also points to its business records in Ohio, but provides no explanation of how, in this digital age, they would be burdened by producing those documents here.

Defendant points to no relevant facts which show that the public interests weigh greatly in its favor.  Defendant only attempts to argue that the loan contract contains a choice of law clause which provides that Ohio law will govern disputes arising out of the

---

[5] Specifically, the complaint identifies three individuals who work in and/or reside in this district who have relevant information.  They are the business office manager at the Bryn Mawr Care Center, Kim Lochner, and Karen Polini

contract.  Again, as plaintiff does not seek to recover on the basis of the loan contract, defendant's argument is irrelevant.  Otherwise, defendant merely recites the public interest without providing any explanation as to why the factors weigh in its favor.  Defendant has not met its heavy burden to justify transfer.  I deny defendant's motion.

### IV.   CONCLUSION

Plaintiff has established sufficient facts supporting jurisdiction over her tort and contract claims.  On the other hand, defendant has not met its burden warranting transfer of this case to the Northern District of Ohio.  Therefore, I will deny defendant's motion to dismiss or, in the alternative, to transfer venue.

An appropriate order follows.